UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
BARBARA RUMAIN,                                   :
                                                  :
                        Plaintiff,                :        MEMORANDUM
                                                  :        & ORDER
     -against-                                    :        17-CV-7251 (RRM) (SMG)
                                                  :
GREGORIS MOTORS, INC., NISSAN NORTH               :
AMERICA, INC., NISSAN MOTOR ACCEPTANCE            :
CORPORATION, NISSAN INFINITI-LT, INC.,            :
                                                  :
                        Defendants.               :
------------------------------------------------------------------- x
GOLD, STEVEN M., U.S. Magistrate Judge:

   Plaintiff Barbara Rumain, proceeding pro se, brings this action alleging, *inter alia*,

common law claims for fraud and breach of contract and a claim for deceptive business practices

pursuant to New York General Business Law § 349.  *See* First Amended Complaint ("FAC")

¶¶ 56-72, Docket Entry 10.

   Plaintiff invokes this Court's diversity jurisdiction.  *Id*. ¶ 5.  Plaintiff and Gregoris

Motors Inc., however, are both domiciled in New York.  *Id.* ¶¶ 1-2.  At a conference held on

May 2, 2018, the absence of complete diversity was discussed.  *See* Transcript of Proceeding

Held on May 2, 2018 ("Tr.") 4:20-5:4, Docket Entry 15; *see also* 28 U.S.C. § 1332(a)(1).

Accordingly, this Court entered an Order stating it would "recommend dismissal for lack of

subject matter jurisdiction unless any party files a letter or memorandum of law by May 9

indicating why it would not be proper to do so."  Minute Entry dated May 2, 2018.

   By letter dated May 6, 2018, and an addendum dated May 24, 2018, plaintiff seeks leave

to amend her complaint by adding a claim pursuant to the Fair Credit Reporting Act ("FCRA"),

15 U.S.C. § 1681 *et seq.*, for reporting inaccurate information to a consumer reporting agency.

*See* Plaintiff's Letter Motion to Amend First Amended Complaint ("Mot. to Amend") at 1,

Docket Entry 16; Plaintiff's Letter dated May 24, 2018, Docket Entry 22.  Such a claim, arising

as it does under federal law, is one over which this Court has jurisdiction, and would provide a

basis as well for this Court's exercise of supplemental jurisdiction over plaintiff's original state

law claims.  *See* 28 U.S.C. §§ 1331, 1367.

Unless permitted as a matter of course, a party may amend its pleading only with leave of

court, which "[t]he court should freely give when justice so requires."  Fed. R. Civ. P. 15(a)(2).

A court should deny leave to amend however, where amendment would be futile.  *Foman v.

Davis*, 371 U.S. 178, 182 (1962); *see also Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258

(2d Cir. 2002) ("One appropriate basis for denying leave to amend is that the proposed

amendment is futile."); *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing

*Foman*, 371 U.S. at 182).

Defendants argue that plaintiff's motion for leave to amend should be denied on grounds

of futility.  *See* Defendant Nissan's Letter dated May 10, 2018 at 2, Docket Entry 19.  An

amendment is considered futile if, among other potential flaws, the new pleading could not

survive a motion to dismiss for failure to state a claim.  *See Ricciuti v. N.Y.C. Transit Auth.*, 941

F.2d 119, 123 (2d Cir. 1991).  When considering whether a plaintiff proceeding without counsel

has stated a claim, "courts must construe *pro se* pleadings broadly, and interpret them 'to raise

the strongest arguments that they suggest.'"  *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)

(quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)); *see also Boykin v. KeyCorp*, 521

F.3d 202, 216 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a *pro se* claim as

insufficiently pleaded is appropriate only in the most unsustainable of cases. The merits of a

claim . . . which on its face presents a plausible allegation . . . should be tested on summary

judgment.").

Plaintiff's proposed FCRA claim arises from her lease of an automobile from defendant Gregoris Motors. In her first amended complaint, plaintiff alleges that, on December 14, 2011, she signed an agreement with defendant Gregoris Motors to lease a car for what she believed was 24 months. Compl. ¶ 11. Defendant, however, had plaintiff sign documents relating to a 39-month lease, despite knowing that plaintiff believed she was signing a 24-month lease. Compl. ¶¶ 15-17. At an unspecified time some months later, but before December 29, 2012, plaintiff learned of the alleged fraud. *See* Compl. ¶¶ 17-19 (describing plaintiff's discovery of the 39-month lease, and eventual letter and fax to defendants on December 29, 2012 threatening defendants with legal action). Plaintiff has also described later being declined for a different loan, on January 17, 2013, after that later loan officer learned of the outstanding car loan upon checking plaintiff's credit. *See* Letter dated May 24, 2018 at 2. From these facts I infer that defendants allegedly reported the status of the 39-month lease to credit reporting agencies at some point after December 14, 2011, but prior to January 17, 2013.

Plaintiff's proposed claim arises under a section of the FCRA that prohibits furnishing "any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2. Plaintiff contends that defendants "would have known that my lease was for 24-months, not for 39-months," and that "they reported me to the credit bureaus anyway." Mot. to Amend at 1. Read broadly to assert its strongest arguments, plaintiff's motion defies classification among "the most unsustainable of cases," and is sufficient to state a claim.

Defendants also argue that plaintiff's proposed FCRA claim is futile because it is time-barred. Claims pursuant to § 1681-s must be brought by the earlier of either two years from plaintiff's discovery of the violation, or five years after the violation itself. *See*

15 U.S.C. § 1681p.  Plaintiff commenced this action on December 13, 2017.  Docket Entry 1.

As noted above, plaintiff learned of defendants' alleged FCRA violation no later than December

29, 2012, more than two years before she filed her original complaint.  The alleged violation

itself, however, may have occurred as late as January 17, 2013.  Although plaintiff brought her

motion for leave to amend more than five years after that date, her original complaint was filed

less than five years after it.  Accordingly, if plaintiff's FCRA claim relates back to her original

complaint, and if defendants' alleged violation took place after December 13, 2012, plaintiff's

claim may be timely.

To relate back to an earlier pleading, a new claim need only "concern 'the general fact

situation alleged in the original pleading.'"  *Goldman v. Barrett*, 2018 WL 2123258, at *1 (2d

Cir. May 9, 2018) (quoting *Rosenberg v. Martin*, 478 F.2d 520, 526 (2d Cir. 1973)); Fed. R. Civ.

P. 15(c)(1)(B) (providing that "[a]n amendment to a pleading relates back to the date of the

original pleading when . . . the amendment asserts a claim . . . that arose out of the conduct,

transaction, or occurrence set out . . . in the original pleading").  Though based on a different

legal theory than any previously raised, plaintiff's proposed FCRA claim arises out of the same

"general fact situation" alleged in her original complaint, and so would relate back, and not be

time-barred, if defendants reported her thirty-nine month lease on or after December 14, 2012.

As noted above, on the record presently before the Court, it could be that defendants induced

plaintiff to sign the thirty-nine month lease back in 2011, but did not report that lease—

inaccurately, according to plaintiff—until after December 13, 2012.  Accordingly, the Court

cannot conclude that permitting plaintiff to amend her complaint at this point would be futile.

While facts developed in discovery may establish that plaintiff's claim is in fact time-barred,

such facts are not now before the Court.

The Second Circuit has also cautioned that leave to amend should also not be granted "in instances of . . . undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (per curiam). Plaintiff sought leave to amend less than a week after the absence of diversity jurisdiction was brought to her attention at the initial conference with the Court. Moreover, she did so by succinct letter motion stating a plausible claim. Accordingly, this amendment would not result in undue delay, and I discern no bad faith or dilatory motive on plaintiff's part.

For the foregoing reasons, plaintiff's motion for leave to amend the complaint is granted. Plaintiff shall file an amended complaint by June 22, 2018. The Court assumes current counsel for defendants will accept service on their behalf, and that filing will be deemed adequate service; any defendant who does not agree shall promptly so advise the Court. Defendants shall answer or otherwise respond to the complaint within the times contemplated by Fed. R. Civ. P. 12.

SO ORDERED
_____
/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
June 11, 2018

*U:\#DJM 2017-2018\Rumain v. Gregoris Motors, Inc. et al. 17-CV-7251 (RRM)\M&O - FINAL.docx*